# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM KIRK STANLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CASE NO. 1:23-CV-02367<br><br>DISTRICT JUDGE BENITA Y. PEARSON<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**REPORT AND RECOMMENDATION** |

  Plaintiff William Kirk Stanley ("Plaintiff" or "Mr. Stanley") filed a Complaint against Defendant Commissioner of Social Security on December 12, 2023.  (ECF Doc. 1.)  Plaintiff seeks judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB").  (*Id.*)  On January 25, 2023, the Commissioner filed a Motion to Dismiss Untimely Complaint or, alternately, Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56(c), arguing that the Complaint is time-barred. (ECF Doc. 6 ("Motion").)  The matter is fully briefed (ECF Docs. 6, 7, 9, 10) and ripe for review.

  This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b).  For the reasons set forth below, the undersigned recommends that the Court **GRANT** the Motion for Summary Judgment under Rule 56(c).

I.  Background[1]

On November 22, 2022, an Administrative Law Judge ("ALJ") denied Mr. Stanley's application for DIB benefits. (*See* ECF Doc. 9 ("Mapp Decl."), p. 3; *id.* at pp. 5-33 ("ALJ Decision"); *see also* ECF Doc. 6 ("Complaint"), p. 1.) Mr. Stanley requested review of the ALJ Decision, and the Appeals Council ("AC") mailed a Notice of Appeals Council Action denying Mr. Stanley's request for review to Mr. Stanley, with a copy to his attorney, on October 6, 2023.[2] (*See* ECF Doc. 9, p. 3; *id.* at pp. 34-39 ("AC Notice").) The AC Notice provided the following information to Mr. Stanley regarding the filing of a civil lawsuit:

**Time To File a Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5 -day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) on your request. We will send you a letter telling you whether your request for more time has been granted.

(*Id.* at pp. 35-36.) As of January 23, 2024, the Commissioner was not aware of any request filed by Mr. Stanley, asking the AC to extend the time period for filing his civil action. (*Id.* at pp. 3-4.) Mr. Stanley filed his Complaint in this action on December 12, 2023. (ECF Doc. 1.)

---

[1] For administrative history, the undersigned relies upon the declaration of Rosanna Mapp, Chief of the Court Case Preparation and Review Branch 3 of the Office of Appellate Operations for the Social Security Administration. (ECF Doc. 9 ("Mapp Decl.").) Plaintiff has not objected to this evidence or presented conflicting evidence.

[2] Although Mr. Stanley asserted in his Complaint that the AC declined review of his case on October 9, 2023 (ECF Doc. 1, p. 1), he has since acknowledged that this was a typographical error (ECF Doc. 7, p. 1; ECF Doc. 10, p. 1).

The Commissioner filed the instant Motion on January 25, 2024, arguing that the Complaint is time-barred because it was filed more than 65 days after the AC Notice was mailed. (ECF Doc. 6.) Mr. Stanley filed a short brief in response on January 29, 2024. (ECF Doc. 7.) The undersigned advised the parties on February 2, 2024, that the Motion would be treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d), and allowed both parties time to submit further evidence and argument.[3] (ECF Doc. 8.) On the same day, the Commissioner submitted the declaration a Rosanna Mapp, referenced above, with authenticated copies of the ALJ Decision and AC Notice. (ECF Doc. 9.) Mr. Stanley filed another short brief in response, without supporting evidence, on February 9, 2024. (ECF Doc. 10.)

## II.   Standard of Review

Summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When considering a motion for summary judgment, the court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-moving party, however, "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead, the non-moving party must present specific facts that demonstrate there is a genuine issue of material fact for trial. *Id.* at 587. "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992).

The court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*,

---

[3] Neither party objected to the decision to treat the Motion as a motion for summary judgment under Rule 12(d).

3

477 U.S. 242, 248-49 (1986). The moving party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

### III. Law & Analysis

The Commissioner argues that summary judgment is appropriate because the statute of limitations required that the Complaint be filed by December 11, 2023, but the Complaint was not filed until December 12, 2023. (ECF Doc. 6, pp. 4-6.) Mr. Stanley does not dispute that the AC Notice was mailed on October 6, 2022, but his attorney declares that:

> [T]he denial letter from the Appeals Council was not received/logged into the Attorney's system until October 18, 2023 with a typographical error that the date on the decision was October 9, 2023.

(ECF Doc. 10, p. 1.) He argues that there is "good cause" to extend the limitations period by two days so that his Complaint may be deemed timely "[b]ased on this typographical error and confusion regarding the date." (*Id.*) For the reasons set forth below, the undersigned recommends that the Court grant the Commissioner's motion for summary judgment.

The Social Security Act sets forth the following time limitation for seeking judicial review of an unfavorable agency decision:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced <u>within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow</u>. . . .

42 U.S.C. § 405(g); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (emphasis added). The corresponding regulation further provides:

> Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, <u>the date of receipt of notice of denial of request for review of the presiding officer's decision or notice</u>

4

<u>of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary</u>.

20 C.F.R. § 422.210(c) (emphasis added). "Therefore, a plaintiff must commence their civil action sixty-five days after the date of the [AC]'s notice, unless they can make a 'reasonable showing' of receipt of notice at a later date." *McCullough v. Comm'r of Soc. Sec.*, No. 3:18CV288, 2018 WL 4189524, at *4 (N.D. Ohio Aug. 31, 2018) (citations omitted).

Here, the evidence establishes that the AC mailed its notice denying review of the ALJ Decision to Mr. Stanley, with a copy to his attorney, on October 6, 2023. (*See* ECF Doc. 9, pp. 3, 34-39.) Under the governing law and regulations, Mr. Stanley was presumed to have received the notice by October 11, 2023, and his appeal was due within 60 days of that date. Because the sixtieth day (December 10, 2023) fell on a Sunday, Mr. Stanley's appeal was due on or before December 11, 2023. But he did not file his appeal until December 12, 2023. (ECF Doc. 1.)

Mr. Stanley has limited his responses to the present Motion to two 2-page briefs that are nearly identical in content. (ECF Docs. 7, 10.) When invited to present evidence in opposition to summary judgment, his attorney "declare[d]" (where she had previously "state[d]") that the AC Notice "was not received/logged into the Attorney's system until October 18, 2023 with a typographical error that the date on the decision was October 9, 2023." (*Compare* ECF Doc. 10, p. 1 *with* ECF Doc. 7, p. 1.) Mr. Stanley argues that the "typographical error and confusion regarding the date" support good cause to extend the statute of limitations. (ECF Doc. 10, p. 1.)

As an initial matter, although not clearly argued by Mr. Stanley, the undersigned observes that the attorney's declaration that the AC Notice "was not received/logged into the Attorney's system until October 18, 2023" does not rebut the presumption under 20 C.F.R. § 422.210(c) that the AC Notice was received by Mr. Stanley within five days of its mailing. (ECF Doc. 10, p. 1.) Even giving Mr. Stanley the benefit of the doubt by treating the attorney's "declaration" in his

5

brief as admissible evidence, the statement does not address when *Mr. Stanley* received the AC Notice and further contains ambiguous language that does not explicitly state that the AC Notice did not physically arrive in the mail until October 18, 2023. Mr. Stanley has failed to present evidence sufficient to make a "reasonable showing" to rebut the presumption that he received the AC Notice on or before October 11, 2023, or to raise a question of material fact on this issue. Thus, the undersigned finds that the Complaint was not timely filed.

The U.S. Supreme Court has recognized that the applicable statute of limitations "is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). In this context, the Sixth Circuit has strictly enforced filing deadlines in Social Security disability appeals. *See Cook*, 480 F.3d 432 (upholding dismissal where appeal was filed one day late); *Kellum v. Comm'r of Soc. Sec.*, 295 Fed.App'x 47 (6th Cir. 2008) (upholding dismissal where appeal was filed five days late); *see also Biron v. Harris*, 668 F.2d 259, 261 (6th Cir. 1982); *Whipp v. Weinberger*, 505 F.2d 800, 801 (6th Cir. 1974).

Nevertheless, the 65-day window to file a complaint may be extended under certain circumstances. *See* 42 U.S.C. § 405(g). First, the Appeals Council may allow the claimant more time to file a complaint if the claimant shows good cause for missing the deadline. *See* 20 C.F.R. §§ 404.911, 404.982. Mr. Stanley argues that "good cause" to extend the deadline exists in this case because of confusion caused when the AC Notice was "logged into the Attorney's system . . . with a typographical error that the date on the [AC Notice] was October 9, 2023." (ECF Doc. 10, p. 1.) But Mr. Stanley has failed to show that he requested an extension of time from the AC under these regulations, let alone that such an extension was granted. Indeed, the undisputed evidence establishes that the AC did not receive such a request. (*See* ECF Doc. 9, pp. 3-4.)

Absent permission from the Commissioner, a plaintiff may nevertheless be entitled to equitable tolling for the limitations period. *Cook*, 480 F.3d at 437. In determining whether to apply equitable tolling, courts in the Sixth Circuit consider:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* (quoting *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001)). Equitable tolling is not available in all cases, however, and a court has discretion to decide whether the unique facts of a case warrant such a remedy. *See Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994) (declining to extend equitable tolling where notice of deadline to file was not clandestine or secretive) (citing *Bowen*, 476 U.S. 467); *see also Jurado v. Burt*, 337 F.3d 638, 642-643 (6th Cir. 2003) ("ignorance of the law alone is not sufficient to warrant equitable tolling").

To the extent that Mr. Stanley's briefing may be construed as a request for equitable tolling, his sole argument is that a typographical error made when entering the AC Notice into the attorney's system created "confusion regarding the date" on which the appeal was due for filing. (ECF Doc. 10, p. 1.) Considering the above equitable factors, there is no evidence to indicate that Mr. Stanley was unaware of the filing requirement, which was set forth explicitly in the AC Notice that was mailed to both Mr. Stanley and his attorney on October 6, 2023. (ECF Doc. 9, pp. 35-36.) There is also insufficient evidence to establish that Mr. Stanley was diligent in pursuing his rights, as he did not request an extension of time from the AC as permitted under the regulations (ECF Doc. 9, pp. 3-4) and provided only bare-bones briefing in response to the present Motion, without supporting evidence or argument specifically addressing the equitable tolling standard (ECF Docs. 7, 10). And while a one-day delay in filing the Complaint may not cause significant prejudice to the Commissioner in a single case, this Court must be "mindful of

7

the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Cook*, 480 F.3d at 437.

Considering the applicable factors, the undersigned finds that the undisputed evidence—even when considered in the light most favorable to Mr. Stanley—does not support the application of equitable tolling in this case. Mr. Stanley's failure to timely file his Complaint "was not the result of any extraordinary circumstance beyond his control that would make equitable tolling appropriate." [4] *Kellum*, 295 Fed.App'x at 50. Instead, this case serves as another example of "the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits." *Cook*, 480 F.3d at 437.

For the reasons set forth above, the undersigned concludes that Mr. Stanley filed his Complaint after the statute of limitations had expired and is not entitled to equitable tolling. The undersigned further concludes that there is no genuine issue as to any material fact and that the Commissioner is entitled to judgment as a matter of law, and accordingly recommends that the Court grant the Commissioner's Motion for Summary Judgment under Rule 56(c).

---

[4] The fact that the alleged typographical error that led to the delay reportedly originated with Mr. Stanley's attorney or her staff, rather than with Mr. Stanley himself, does not alter the applicable analysis, as "the actions of a privately retained attorney are imputed to the client." *Kellum*, 295 Fed.App'x at 50.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the Court **GRANT** the Commissioner's Motion for Summary Judgment.

May 22, 2024

>                                 */s/Amanda M. Knapp*
>                                 AMANDA M. KNAPP
>                                 United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).