PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM KIRK STANLEY, | ) | |
| Petitioner, | ) | CASE NO.  1:23-CV-2367 |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 6] |

Before the Court is Plaintiff William Kirk Stanley's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 12) granting the Commissioner of Social Security's ("Commissioner") motion for summary judgment.

## I.      Background

On November 22, 2022, an administrative law judge ("ALJ") issued a decision denying Plaintiff's application for a disability insurance benefits ("DIB").  ECF No. 9 at PageID #: 35; 37-71.  Plaintiff appealed the decision to the Appeals Council.  ECF No. 9 at PageID #: 35.  In its October 6, 2023, Notice of Appeals Council Action letter ("Appeals Letter"), the Appeals Council denied Plaintiff's request for review of the ALJ's decision.  ECF No. 9. at PageID #: 35; 66-68.  The Appeals Council mailed that Appeals Letter to Plaintiff, with a copy to his attorney, on October 6, 2023.  ECF No. 11 at PageID #: 78.  The Appeals Letter finalized the ALJ's decision that denied Plaintiff's DIB application.  ECF No. 6 at PageID #: 23.  As described in that Appeals Letter, and pursuant to Section 205(g), 42 U.S.C.A. § 405(g), Plaintiff had sixty

1:23-CV-2367

(60) days from his receipt of such letter to file a civil action with the Court. ECF No. 9 at PageID #: 37. The date Plaintiff received the Appeals Letter is presumed to be five days after the Notice's date, unless a reasonable showing to the contrary is made to the Appeals Council. 20 C.F.R. §§ 416.1401, 422.210(c). The Appeals Council sent the Appeals Letter on October 6, 2023. ECF No. 11 at PageID #: 78. Therefore, the cutoff to institute a civil action in this Court—without any reasonable showing to the contrary—was December 11, 2023. Plaintiff filed the Complaint on December 12, 2023. Plaintiff did not request any extension to file a civil action as outlined in the Appeals Letter. ECF No. 9 at PageID #: 35, ¶ 3(b).

Pursuant to Local Rule 72.2(b), the case was automatically referred to a magistrate judge for the preparation of a Report and Recommendation. On January 25, 2024, the Commissioner filed a Motion to Dismiss Untimely Complaint or alternatively, Motion for Summary Judgment. (ECF No. 6). Four days later, Plaintiff filed his Response to Defendant's Motion to Dismiss or Summary Judgment. Pursuant to Rule 12(d), the magistrate judge decided that the Commissioner's filing was indeed a motion for summary judgment and permitted the parties an opportunity to make additional filings. (ECF No. 8). In May 2024, the magistrate judge filed her Report and Recommendation (herein "R&R") agreeing with the Commissioner that Plaintiff's Complaint for judicial review was untimely filed and recommended that the Court grant the Commissioner's motion for summary judgment. (ECF No. 11). Plaintiff has filed objections to the Report and Recommendation asserting that the magistrate judge erroneously determined that the Appeals Letter was received within the five-day period as a matter of law and fact and that equitable tolling did not apply. The Commissioner responded, re-asserting that the statute of limitations bars the Complaint, and that Plaintiff was not entitled to equitable tolling. (ECF No. 13).

2

1:23-CV-2367

## II. Standard of Review

When a petitioner makes an objection to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. P. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. Importantly, objections "must be specific in order to trigger the *de novo* review." *Bulls v. Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (citing Fed. R. Civ. P. 72(b)(2)). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (N.D. Ohio 2022)). "A party disappointed with the magistrate judge's recommendation has a 'duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id*. (quoting *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio 2014)). "A general objection to the entirety of [a Report and Recommendation]" or "an exact recitation of arguments previously raised" will fail to "meet the specificity requirement for objections." *Potter*, 2020 WL at *1.

## III. Discussion

**A. The Report and Recommendation Correctly Concludes That Plaintiff's Complaint Should be Dismissed as Untimely.**

Plaintiff raises two objections to the R&R: (1) The Appeals Letter did not arrive within the five-day period as a matter of law or fact; and (2) Plaintiff is entitled to equitable tolling.

3

1:23-CV-2367

ECF No. 12 at PageID #: 84.

### 1. Plaintiff Waived the Argument that the Appeals Letter Arrived Untimely.

The magistrate judge found that the "typographical error and confusion regarding the date" neither supported good cause to extend the statute of limitations, nor rebutted the presumption under 20 C.F.R. § 422.210(c). ECF No. 11 at PageID #: 78. As his first objection, Plaintiff asserts that the R&R's finding that "the Appeals Council denial was received within five days of the time on the decision is factually and legally incorrect". ECF No. 12 at PageID #: 84. In response, the Commissioner re-asserts its summary judgment argument that the statute of limitations barred the Complaint. ECF No. 13 at PageID #: 89.

Whether a district court can, cannot, or must consider new arguments not raised before a magistrate judge has caused a circuit split. *See The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010) ("Other circuits are split regarding this issue."); *see also Morgan v. Trierweiler*, 67 F.4th 362, 367-68 (6th Cir. 2023) (acknowledging circuit split with the aid of Kevin Koller, *Deciphering De Novo Determinations: Must District Courts Review Objections Not Raised Before a Magistrate Judge?*, 111 COLUM. L. REV. 1557, 1557 (2011)).

The Sixth Circuit has not officially taken a position, although it has generally ruled in congruence with the majority's determination that 'issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived.'" *Morgan*, 67 F.4th at 367 (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)); *see e.g., Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) ("A claim raised for the first time in objections to a magistrate judge's report is deemed waived."); *Nasser v. Comm'r of Soc. Sec.*, 598 F. Supp. 3d 614, 624 (E.D. Mich. 2022) (plaintiff waived argument in failing to directly argue to the ALJ); *Childress v. Michalke*, No. 10-cv-11008, 2014 WL 3819347, at *3 (E.D.

1:23-CV-2367

Mich. Aug. 4, 2014) ("[A] party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge."); *Pelfrey v. Buchanan*, No. 3:19-CV-59, 2020 WL 1181192, at *2 (S.D. Ohio Mar. 12, 2020) (collecting cases); *but see Lexicon, Inc. v. Safeco Ins. Co. of Am.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006).

To maintain consistency with the Sixth Circuit's rulings, the Court will not consider Plaintiff's objection because this argument was not raised before the magistrate judge. In Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff asserted:

> [T]he denial letter from the Appeals Court Council was not received/logged into the Attorney's system until October 18, 2023 with a typographical error that the date on the decision was October 9, 2023. At the time it was filed, Attorney for Plaintiff believed that the complaint was filed in a timely manner. Based on the typographical error and confusion regarding the date, Plaintiff and his Attorney are requesting that good cause be found for any delay in filing the complaint.

ECF No. 7 at PageID #: 29. "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Construing Plaintiff's argument made before the magistrate judge most favorably, Plaintiff contends that the Appeals Letter's failure to timely arrive on or around October 11, 2023 constitutes a rebuttable presumption. Nevertheless, the magistrate judge determined that "even giving [Plaintiff] the benefit of the doubt by treating the attorney's 'declaration' in his brief as admissible evidence, the statement does not address when [Plaintiff] received the [Appeals Letter] and further contains ambiguous language that does not explicitly state that the [Appeals Notice] did not physically arrive in the mail until October 18, 2023." ECF No. 11 at PageID #: 78-79.

5

1:23-CV-2367

In his Objections, Plaintiff attempts to rebut the Appeals Letter five-day notice period by proffering the Declaration of Catherine Skala to explain when the Appeals Letter physically arrived. See ECF No. 12-1 at PageID #: 88 ¶ 4 ("To the best of my knowledge, the [Appeals Letter] was not received by Friday, October 13 when mail was last scanned; the decision was received by our office the week of October 16, 2023 and processed on October 18, 2023.") Specifically, Plaintiff relies on the Declaration to argue that the Appeals Notice arrived the week of October 16, 2023—three days later—than the five-day rebuttable assumption that fell on October 11, 2023.

"Because [Plaintiff] filed the Affidavit and raised this new argument in his Objections", the Court will not address this new argument. Pelfrey, No. 3:19-CV-59, 2020 WL 1181192, at *2.

Accordingly, the Court overrules this objection.

**2. Plaintiff Is Not Entitled to Equitable Tolling.**

The magistrate judge found that the "typographical error [made] when entering the [Appeals Letter] into the attorney's system created 'confusion regarding the date'" did not constitute circumstances for equitable tolling. ECF No. 11 at PageID #: 80. As his second objection, Plaintiff contends, for the first time, that he is entitled to equitable tolling. ECF No. 12 at PageID #: 84. Plaintiff asserts that he was "aware of the filing requirement but as set forth above relied on erroneous information regarding the date of denial along with the fact that the notice was not received within five days as presumed." ECF No. 12 at PageID #: 85. In response, the Commissioner re-asserts its argument that Plaintiff's circumstances did not warrant equitable tolling. ECF No. 13 at PageID #: 89.

6

1:23-CV-2367

Before filing his Objections, in response to the motion for summary judgment submitted to the magistrate judge, Plaintiff merely asked that the tardy filing be excused for good cause. *See* ECF No. 10. Plaintiff did not offer an equitable tolling defense, despite having been given the opportunity to do so. *See Adams v. Kijakazi*, No. CV 7:19-88-KKC, 2022 WL 987337, at *3 (E.D. Ky. Mar. 31, 2022) (rejecting equitable tolling argument because it should have been raised in the earlier briefs). Later, after the magistrate judge explained why he was not eligible for equitable tolling, he made an argument for equitable tolling in his Objections. This strongly indicates that the argument could have been made earlier. Like the filing of the Complaint, the argument for equitable tolling is made too late. As indicated above, the Court will not consider an objection that was not raised before the magistrate judge. Accordingly, because Plaintiff's second objection was not properly raised before the magistrate judge, it presents no matter for further review. In the alternative, the Court finds that Plaintiff's bid for equitable tolling fails. As the magistrate judge eloquently explained, "while a one-day delay in filing the Complaint may not cause significant prejudice to the Commissioner in a single case, this Court must be 'mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.'" ECF No. 11 at PageID #70 (citing *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007)) (upholding dismissal when appeal was filed one day late). Accordingly, the Sixth Circuit has strictly enforced filing deadlines in Social Security disability appeals. *See also Kellum v. Comm'r of Soc. Sec.*, 295 Fed.App'x 47 (6th Cir. 2008) (upholding dismissal when appeal was filed five days late).

7

1:23-CV-2367

### IV. Conclusion

For the reasons stated herein, the Court overrules Plaintiff's objections, adopts the magistrate judge's Report and Recommendation, and grants the Commissioner's motion for summary judgment ([Doc. No. 6](Doc. No. 6)).

IT IS SO ORDERED.

| | |
|---|---|
| September 30, 2024 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |